UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

FILED
AUG 09 2012
DAVID CREWS, CLERK
BY_____ Deputy

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 2:10CR160

LONZO GRIFFIN

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1. **GUILTY PLEA:** The defendant agrees to plead guilty under oath to Counts One and Fifty of the Second Superseding Indictment. Count One charges conspiracy to distribute and possess with intent to distribute a Schedule II controlled substance, to wit: 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride (powder cocaine), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846, which carries maximum possible penalties of not less than 10 years and nor more than life imprisonment - 21 U.S.C. 841(b)(1)(A); not more than $10,000,000 fine, or both - 21 U.S.C. 841(b)(1)(A); supervised release for at least 5 years - 21 U.S.C. 841(b)(1)(A); ineligibility for federal benefits up to 5 years after conviction - 21 U.S.C. 862(a); $100 special assessment - 18 U.S.C. 3013(a)(2)(A). Count Fifty charges conspiracy to commit offenses against the United States, in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions

involved the proceeds of specified unlawful activity, that is, the distribution of a controlled substance, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, that is, possession with intent to distribute and distribution of cocaine hydrochloride, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of a controlled substance, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii), which carries maximum possible penalties of not more than 20 years imprisonment - 18 U.S.C. § 1956; not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater - 18 U.S.C. § 1956; not more than 3 yrs supervised release - 18 U.S.C. § 3583(b)(2); and $100 mandatory special assessment - 18 U.S.C. § 3013(a)(2)(A).

    2.    OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge and agrees to dismiss the original Indictment, Superseding Indictment and the Second Superseding Indictment upon sentencing as to Counts One and Fifty of the Second Superseding Indictment.

3.   FORFIETURE:  The defendant agrees to the entry of a stipulated final order of forfeiture.

4.   OTHER AUTHORITIES:  This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws.  Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

5.   VIOLATIONS OF THIS AGREEMENT:

If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.  Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

6.   WAIVER OF APPEALS AND COLLATERAL ATTACKS:  Defendant hereby expressly waives any and all rights to appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742, except to claims relating to prosecutorial misconduct and ineffective assistance of counsel.  Defendant also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255 except to claims relating to prosecutorial misconduct and ineffective assistance of counsel. This waiver is made in exchange for the concessions made by the United States in this Plea Agreement. Defendant understands and agrees that the United States does

not waive its right to appeal.

7. ACKNOWLEDGMENTS: No Other Agreements; Defendant Is in Fact Guilty. Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea(s) of guilty. This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

This the 9 day of August, 2012.

FELICIA C. ADAMS   Scott F. LLHRL
United States Attorney   AUSA

AGREED AND CONSENTED TO:   APPROVED:

LONZO GRIFFIN   LONNIE KNOWLES
Defendant   Attorney for Defendant
Texas Bar No. 11625200